IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PRAXIS CAPITAL & INVESTMENT MANAGEMENT LTD,** | : : | Case No. 2:15-CV-2912 |
| **Plaintiff,** | : : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : : | Magistrate Judge Jolson |
| **GEMINI HOLDINGS I, LLC,** *et al.*, | : : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the motion of Defendants Gemini Holdings I, LLC and Gemini PNC, LLC (collectively, "Gemini") to compel mediation and arbitration. (Doc. 13.) After Defendants filed their motion to compel, Plaintiff Praxis Capital & Investment Management LTD ("Praxis") filed an application for entry of default because Defendants did not file an answer to the complaint. (Doc. 16.) For the reasons that follow, the Court **DENIES** the motion to compel and **DENIES** the application for entry of default. Defendant is **ORDERED** to file *instanter* an answer or other responsive pleading within fourteen (14) days of the date of this order.

### I. BACKGROUND

On October 14, 2015, Praxis filed a complaint against Gemini. (Doc. 1.) The dispute arose from an agreement (the "Engagement Agreement") between Praxis and Gemini for Praxis to perform consulting services for Gemini in connection with the construction and operation of a large-scale recycling center next to the Franklin County Landfill in Grove City, Ohio. (*Id.* at ¶¶

1

8-9, 11-12.)  Plaintiff brought claims against Defendants for breach of contract, promissory estoppel, and quantum meruit.  (*Id.* at ¶¶ 24-40.)

Defendants filed a motion to compel mediation and arbitration and stay proceedings (Doc. 13) but did not file an answer or other responsive pleading.  Plaintiff filed a response opposing the motion to compel (Doc. 15) and also filed an application for entry of default under Federal Rule of Civil Procedure 55(a).  (Doc. 16.)  Defendants opposed the application.  (Doc. 19.)

## II.     STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") was enacted "to provide for enforcement of privately entered agreements to arbitrate."  *Ferro Corp. v. Garrison Indus., Inc.*, 142 F.3d 926, 932 (6th Cir. 1998).  Under the FAA:

> A written provision in any maritime transaction of contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter . . . , or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  A party aggrieved by the refusal of another party to arbitrate under an agreement for arbitration may petition the court for an order directing that such arbitration proceed according to the terms of the agreement.  9 U.S.C. § 4.  The Court's task is to "determine whether the parties agreed to arbitrate the dispute at issue."  *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).  Whether the parties' contract evinces an agreement to arbitrate is governed by principles of state contract law.  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  The Court must "examine the language of the contract in light of the strong federal policy in favor of arbitration."  *Stout*, 228 F.3d at 714.  Put differently, "any doubts concerning

the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

### III. ANALYSIS

#### A. Motion to Compel

Defendants submit that the Engagement Agreement between Praxis and Gemini, which was attached to the complaint, reflects an agreement, albeit a poorly drafted one, among the parties to first mediate and then arbitrate any "dispute, controversy or claim arising out of" the Agreement. (Doc. 13 at 2.) Plaintiffs counter that: (1) the language of the Agreement does not require mediation but, rather, renders certain remedies unavailable if a party elects litigation over mediation; and (2) instead of mandating arbitration, the Agreement merely sets forth the procedures that would govern an arbitration if the parties choose to enter one. (Doc. 15 at 1-2.)

The relevant section of the Engagement Agreement, which was drafted by Praxis and signed by representatives from both Praxis and Gemini, states:

> Governing Law; Forum; Attorneys' Fees: . . . [Praxis] and [Gemini] agree to mediate in Columbus, Ohio any controversy, claim, or dispute arising between the parties before resorting to legal action as set forth below. Mediation fees, if any, shall be divided equally between the parties. The parties agree that if any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorneys' fees, even if said fees would otherwise be available to that party in any such action. In the event that the parties cannot settle the dispute in mediation, each party hereto irrevocably consents to the exclusive jurisdiction of the federal and state courts sitting in Franklin County, Ohio for any legal action, suit, or proceeding arising out of or in connection with this Agreement, any agreement contemplated hereby or thereby, and agrees that any such action, suit, or proceeding may be brought only in such court, provided that this section shall not prevent a party from seeking to enforce any judgment of such court in any other court. . . .

3

> Jurisdiction.  This Agreement shall be construed, performed and enforced in accordance with, and governed by, the internal laws of the State of Ohio, without giving effect to the principles of conflicts of law thereof.  Any dispute, controversy or claim arising out of or related to this Agreement to be submitted to arbitration shall be submitted to and settled by binding arbitration in the City of Columbus, Ohio, pursuant to the Commercial Arbitration Rules of the American Arbitration Association then in effect (or at any other place or under any other form of arbitration mutually acceptable to the parties).  Notwithstanding the foregoing, the parties hereto agree that any such arbitration shall be governed by the following requirements . . .

(Doc. 1-1 at 5-6.)

As to mediation, the Court agrees with Plaintiff that the language of the agreement indicates that the mediation should not be compelled because the parties specifically provided for a contingency if a party refused to mediate—specifically, that the party would be prohibited from collecting attorney fees.  Therefore, the Court declines to compel the parties to mediate this dispute.

As to the arbitration provision in the Agreement, Defendants maintain that the following phrase was a product of sloppy drafting and should be construed in their favor:  "Any dispute, controversy or claim arising out of or related to this Agreement *to be submitted to arbitration* shall be submitted to and settled by binding arbitration in the City of Columbus, Ohio. . ." (*Id.* at 6 (emphasis added).)  Defendants concede that the phrase "to be submitted to arbitration" does not exactly support their position but they posit that it was most likely a typographical error. (Doc. 19 at 3.)  They argue that any doubt about the meaning of the Agreement should be resolved in favor of arbitration due to the strong federal policy in favor of enforcing agreements to arbitrate, *see Moses H. Mem'l Hosp.*, 460 U.S. at 24-25, and the fact that Plaintiff drafted the contract and, pursuant to Ohio law, ambiguous language should be interpreted against the drafting party, *see McKay Machine Co. v. Rodman*, 228 N.E.2d 304, 307 (Ohio 1967).

4

Under Ohio contract law, "construction of the contract should attempt to harmonize all the provisions rather than produce conflict in them." *Ottery v. Bland*, 536 N.E.2d 651, 654 (Ohio Ct. App. 1987).  Accordingly, "no provision of the contract should be ignored as inconsistent if there exists a reasonable interpretation which gives effect to both." *Id.* (citing *Expanded Metal Fire-Proofing Co. v. Noel Constr. Co.*, 101 N.E. 348, 350 (Ohio 1913)).

Although Defendants are correct that ambiguities in the Engagement Agreement must be resolved in their favor due to the federal policy favoring arbitration, the Court finds that here the Agreement is not ambiguous.  First, the sentence that Defendants declare to be ambiguous is not.  It merely lays out the rules for the arbitration proceeding that would apply *if* a dispute is submitted to arbitration.  Second, the Agreement is internally inconsistent if interpreted as Defendants urge.  In light of the preceding section on mediation, which provides that a party may proceed directly to litigation if it is willing to forego the possibility of collecting attorney fees, and that also provides that the parties will submit to the exclusive jurisdiction of the state and federal courts in Columbus, Ohio if mediation fails, they cannot also be required to arbitrate before litigation.  Therefore, the Court finds that the arbitration provision in the Engagement Agreement is not mandatory and **DENIES** Defendants' Motion to Compel.

### B.  Application for Entry of Default

Defendants ask the Court, if it denies the motion to stay, to grant them fourteen days to file a responsive pleading, and Plaintiff states that it does not object to this request.  It is an unsettled issue whether a party that files a motion to compel arbitration must also file a timely responsive pleading, although at least one court of appeals has said that the party may file the motion to compel in lieu of the answer.  *See Lamkin v. Morinda Props., Weight Parcel, LLC*, 440

F. App'x 604, 607-08 (10th Cir. 2011).  And the Supreme Court has assumed, although not squarely decided, as much.  *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 83 (2000) ("In lieu of an answer, petitioners filed a motion to compel arbitration, denied the motion to stay, and dismissed [respondent's] claims with prejudice.").  In any event, Plaintiff does not object to a grant of leave to file an answer *instanter*.  (Doc. 20 at 5.)  Therefore, the Court **DENIES** Plaintiff's application for entry of default but **GRANTS** Defendant leave to file *instanter* an answer or other responsive pleading within fourteen (14) days of the date of this order.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to compel mediation and arbitration is **DENIED**.  (Doc. 13.)  Plaintiff's application for entry of default is also **DENIED**.  (Doc. 16.)  The Court **GRANTS** Defendant leave to file *instanter* an answer or other responsive pleading within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**

                                            s/ Algenon L. Marbley
                                       **ALGENON L. MARBLEY**
                                       **UNITED STATES DISTRICT JUDGE**

**DATED:  May 16, 2016**